NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MICHAEL ODHIAMBO,  )
  )
  Appellant,  )
  )
v.  )   Case No. 2D15-3506
  )
STATE OF FLORIDA,  )
  )
  Appellee.  )
  )

Opinion filed June 16, 2017.

Appeal from the Circuit Court for Pinellas
County; Nancy Moate Ley, Judge.

Mark Ciaravella, Tampa,
for Appellant.

Pamela Jo Bondi, Attorney General, and
John Klawikofsky, Assistant Attorney
General, Tampa, for Appellee.


**ORDER FOLLOWING SHOW-CAUSE PROCEEDING**

PER CURIAM.

Attorney Mark Ciaravella, Florida Bar Number 46108, appeared before this court on Tuesday, May 23, 2017, to show cause why sanctions should not be imposed for his failure to comply with this court's orders. This was the second time this court issued an order to show cause directed to Attorney Ciaravella concerning the filing fee for this appeal.

Attorney Ciaravella filed the notice of appeal in the trial court on August 5, 2015, and the notice was transmitted to this court on August 7. Because no filing fee accompanied the notice, on August 12 this court issued its standard fee order. The order required the appellant to submit to this court the $300 filing fee or indigency documentation within thirty days, failing which the appeal would be subject to dismissal and counsel subject to sanctions. Attorney Ciaravella did not respond.

On December 17, the court followed up with an order directing Attorney Ciaravella to respond to the August 12 order within seven days or risk the imposition of sanctions. Again, Attorney Ciaravella did not respond. By order dated February 2, 2016, this court again reminded Attorney Ciaravella that he had failed to comply with the August 12, 2015, fee order and gave him seven days to either satisfy the order or file a status report on his efforts to do so. The order advised Attorney Ciaravella that he risked sanctions for failure to comply. Once again, Attorney Ciaravella did not respond.

On June 16, 2016, this court issued an order requiring Attorney Ciaravella to appear at the court's June 30 oral argument session to show cause why he should not be sanctioned for his failure to respond to the three orders just described. Attorney Ciaravella responded to the court's order by filing a motion to appear in forma pauperis on behalf of the appellant. The motion stated that while the appellant represented

himself at trial, he initially agreed to allow Attorney Ciaravella to represent him on appeal but was no longer communicating with counsel and failed to sign the application for criminal indigent status. The appellant had executed a durable power of attorney, and Attorney Ciaravella had the person designated sign the application. However, the circuit court clerk refused to make an indigency determination because the application was not signed by the appellant personally.

This court discharged the order to show cause, and on July 5, 2016, denied the motion to proceed on appeal as indigent. The court directed Attorney Ciaravella to "expeditiously seek review in the trial court of the clerk's refusal to address the appellant's recent application for criminal indigent status and then, if necessary, seek review in this court. See § 27.52(4), Fla. Stat. (2016); Fla. R. App. P. 9.430(a)." Attorney Ciaravella did not respond.

On October 27, 2016, this court issued an order referring to the July 5 order and directing Attorney Ciaravella to file a status report on his efforts to comply with it. Attorney Ciaravella did not respond. On December 15, 2016, this court issued an order reminding Attorney Ciaravella that compliance with the October 27 order was overdue and directing him to file a status report within ten days or risk the imposition of sanctions.

On February 27, 2017, Attorney Ciaravella filed a status report seeking direction from this court because the appellant refused to communicate with him and failed to sign the criminal indigent status application and return it for processing. However, Attorney Ciaravella acknowledged that the person the appellant designated as his power of attorney signed the application and that the circuit court clerk refused to

make a determination of indigency status. The status report made no mention of attempts to seek review of the clerk's refusal to process the indigency application, as directed on July 5. On March 2, this court ordered Attorney Ciaravella to file a supplement to his status report within twenty days advising the court of his efforts to comply with the July 5 order, a copy of which was enclosed for his reference. Attorney Ciaravella did not respond.

On April 13, this court by order reminded Attorney Ciaravella that his compliance with the March 2 order was overdue and directed him to file a supplement to his status report within ten days or the court would commence sanctions proceedings. As a result of Attorney Ciaravella's failure to respond, this court issued a second order to show cause on May 1 requiring him to appear at the court's May 23 oral argument session to show cause why he should not be sanctioned for his failure to comply with this court's orders of July 5, 2016, October 27, 2016, December 15, 2016, March 2, 2017, and April 13, 2017.

Attorney Ciaravella appeared at the oral argument but was unable to adequately explain his failure to comply with this court's orders. He merely stated that it was his understanding that he needed the consent of his client to participate in the appeal or have it dismissed. Notably, Attorney Ciaravella at one point stated that he was willing to do whatever the court wanted him to do, and the court reminded him that it had specified what he needed to do in the July 5, 2016, order.

Attorney Ciaravella having failed to provide satisfactory answers to this court's questions, this court removes him from further representation of the appellant in 2D15-3506. By separate order, the court has directed the circuit court to review the

clerk's refusal to determine appellant's indigency status. Furthermore, due to Attorney Ciaravella's failure to comply with this court's directives and the attendant delays, we hereby refer this matter to The Florida Bar for investigation and initiation of such proceedings as may be appropriate.

NORTHCUTT, KELLY, and CRENSHAW, JJ., Concur.